UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

BRENDA JACKSON,           }
                          }
    Plaintiff,            }
                          }
v.                        }           CASE NO. CV 99-B-0142-J
                          }
GUIN RESIDENTIAL CARE     }
CENTER; ROGER JACOBSEN,   }
                          }
    Defendants.           }

**MEMORANDUM OPINION**

This case is before the court on plaintiff's Renewed Motion for Entry of Judgment by Default against Guin Residential Care Center ("Guin") (Doc. 19), and plaintiff's Motion for Entry of Judgment by Default against defendant Roger Jacobsen ("Jacobsen") (Doc 22).[1] Upon consideration of the record in this case, the court is of the opinion that both Motions are due to be granted.

### I. PROCEDURAL HISTORY

On or about January 23, 1999, the original Complaint was served on defendant Guin. (Doc. 3). On February 4, 1999, an Amended Complaint was filed. On or about February 10, 1999, the original Complaint was served on defendant Jacobsen. (Doc. 6).

On March 15, 1999, a document was filed with the Clerk which was signed by defendant Roger Jacobsen as President of Guin Residential Care Center. (Doc. 8). This document was treated by the court as an Answer to the Complaint by defendant Guin. On July 7, 1999, the court conducted a status conference with counsel for the plaintiff and defendant Roger Jacobsen. Mr. Jacobsen participated in the conference by phone. During this conference, the court

---

[1] The document numbers refer to the docket entry numbers on the court's docket.

informed Mr. Jacobsen that because he was not a lawyer, he could not represent the defendant Guin. Mr. Jacobsen was further informed that a corporation cannot proceed pro se. Following the conference the court entered an Order on July 9, 1999, directing that Guin Residential Care Center obtain counsel on or before July 23, 1999, or a default judgment would be taken against it. (Doc. 12). This same Order reset the 16(b) conference for August 31, 1999.

On July 23, 1999, counsel made an appearance for defendants Guin and Jacobsen. On August 30, 1999, the day before the date set for the 16(b) conference, counsel for Guin and Jacobsen moved to withdraw. (Doc. 16). This Motion was granted on August 31, 1999, (Doc. 17), again leaving defendants Guin and Jacobsen without counsel.

On September 1, 1999, the court entered an Order reminding defendants that a corporation could not proceed pro se and that a corporation must be represented by counsel, (Doc. 18). The Order stated:

> If an attorney does not file an appearance with the Clerk of this court by September 14, 1999, on Motion of the plaintiff, a default judgment will be entered against defendant Guin.

In this Order, the court set this case for a 16(b) conference on October 7, 1999. Defendant Jacobsen was directed to participate in the conference:

> The court again urges Mr. Jacobsen to retain counsel if possible. If counsel does not enter a Notice of Appearance on behalf of defendant Jacobsen prior to the scheduling conference, Mr. Jacobsen is required to participate. He may participate by phone by contacting the court's assistant, Sharon Richards (205/278-1810), **before** the date of the conference. If he does not contact the court's assistant prior to the date of the conference, Mr. Jacobsen is **DIRECTED** to personally appear at the time and place designated in paragraph 2 of this Order.
>
> **Absent extraordinary good cause shown, failure to participate in the conference will result in the granting of a renewed**

2

> **Motion for Entry of Judgment by Default against defendant Jacobsen. (See Rule 37(b)(2)(C) attached to this Order.)**

(Emphasis in original.) This was the third setting for a 16(b) conference.[2/] Defendant Jacobsen did not attend or participate in the October 7, 1999, 16(b) conference as ordered.

On September 27, 1999, plaintiff moved for entry of judgment against defendant Guin due to its failure to retain counsel by September 14, 1999, as ordered by the court on September 1, 1999. (Doc. 19).

On October 12, 1999, the court entered an order noting that defendant Jacobsen had failed to appear at the 16(b) conference on October 7, 1999, and directed that if plaintiff wished to move for default against defendant Jacobsen, she should do so by October 22, 1999. (Doc. 20). On October 20, 1999, plaintiff moved for default against defendant Jacobsen. (Doc. 22).

## II. DEFAULT

Mr. Jacobsen has ignored numerous orders of the court to participate in this lawsuit. In the court's Order entered September 1, 1999, he was put on notice that failure to appear at the 16(b) conference set for October 7, 1999, could result in a default judgment being entered against him:

> **Absent extraordinary good cause shown, failure to participate in the conference will result in the granting of a renewed Motion for Entry of Judgment by Default against defendant Jacobsen.**

(Court's Order entered September 1, 1999.) (Emphasis in original.) Due to defendant Jacobsen's repeated and willful failure to defend this action, the court finds he is in default.

---

[2/] The previous two settings had to be continued due to the fact that defendant Guin was not represented by counsel.

Defendant Guin is also in default for failing to follow court orders that it retain counsel. Consequently, the court is of the opinion that both defendants should be placed in default for willful failure to follow court orders.

### III. DAMAGES

On December 3, 1999, the court conducted a hearing to determine damages.[3/] Plaintiff Brenda Jackson testified at the hearing. Upon consideration of plaintiff's testimony at the hearing on December 3, 1999, plaintiff's Affidavit filed on November 9, 1999, and the allegations of the Complaint which remain unrefuted, the court is of the opinion that plaintiff is due compensatory damages as follows:

1. In the amount of $13,375.52 in back pay and $20,000.00 for pain and suffering against defendant Guin Residential Care Center for violation of Title VII and Section 1981.

2. In the amount of $20,000.00 in punitive damages against defendant Guin Residential Care Center for violation of Title VII and Section 1981.

3. In the amount of $701.25 against defendants Guin Residential Care Center and Roger Jacobsen jointly and severally for violation of the Fair Labor Standards Act.[4/]

4. In the amount of $6,301.75 in attorney's fees and $303.99 for expenses against defendants Guin Residential Care Center and Roger Jacobsen.

---

[3/] If a court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Chen v. Jenna Lane, Inc.*, 30 F.Supp. 2d 622, 623 (D.C. N.Y. 1998).

[4/] Based on the limited evidence presented at the hearing on December 3, 1999, the court has concluded that defendant Jacobsen can be held personally liable under the FLSA as having been involved in the day-to-day operation of Guin Residential Care Center. *See Patel v. Wargo*, 803 F.2d 632, 637-638 (11th Cir. 1986) (a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation jointly and severally liable under the FLSA for unpaid wages.)

## IV. CONCLUSION

Pursuant to the findings above, the court is of the opinion that plaintiff's Renewed Motion for Entry of Judgment by Default against Guin Residential Care Center, and plaintiff's Motion for Entry of Judgment by Default against defendant Roger Jacobsen are due to be granted.

An Order in accordance with these findings will be entered contemporaneously with this Opinion.

**DONE** this \_\_11th\_\_ day of September, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge